| | |
|---|---|
| INVENTOR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:13-cv-96-GMS |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| INVENTOR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:13-cv-98-GMS |
| | ) |
| PAYNEARME, INC., 7-ELEVEN, INC. and | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| INVENTOR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:14-cv-185-GMS |
| | ) |
| KMART CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| INVENTOR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:14-cv-448-GMS |
| | ) |
| BED BATH & BEYOND INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

The Court finds that this action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery Materials, to adequately protect information the Parties are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such Materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS HEREBY ORDERED THAT:

## DEFINITIONS

A.     "Party": any Party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and Outside Counsel (and their support staff).

B.     "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible, or otherwise) by the Parties or by non-parties.

C.     "Producing Party": a Party or non-party that produces Material in this action.

D.     "Receiving Party": a Party that receives Material from a Producing Party.

E.     "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE."

F.     "CONFIDENTIAL Material": Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally

reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith to constitute or to contain trade secrets or other confidential research, development, or commercial information. CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

G. "ATTORNEYS' EYES ONLY Material": Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith constitutes proprietary financial, technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business. ATTORNEYS' EYES ONLY Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

H. "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."

I.     "Outside Counsel":  (i) outside counsel (a) who appear on the pleadings as counsel for a Party and (b) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel engaged by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and litigation support, or (iii) independent attorneys contracted to assist outside counsel in connection with this action.

J.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not: (i) a past, current, or anticipated employee of a Party or of a Party's competitor; or (ii) a consultant involved in product and/or process design or development for a Party or for a Party's competitor.

K.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

L.     "Involved In The Prosecution Of Patents Or Patent Applications":  participation in any way in: (i) competitive decision making involving preparation or prosecution of patent applications or advising or counseling clients regarding the same; (ii) participating in any reissue reexamination, IPR, CBM or other administrative proceeding on behalf of a patentee or assignee of patentee's rights; or (iii) drafting, reviewing, approving or prosecuting any portion (e.g., any

claim, any figure, or any specification language) of a patent application (including, but not limited to, provisional, non-provisional, original, continuation, continuation-in-part, divisional, reissue, and/or continued prosecution applications) or any portion of any amendment, response, reply, or other paper associated with prosecuting the patent application, submitted to the United States Patent and Trademark Office (including the United States Board of Patent Appeals and Interferences) or any foreign agency responsible for examining or issuing patents.

## TERMS AND CONDITIONS

1. **GENERAL LIMITATIONS ON DISCLOSURE AND USE OF DESIGNATED MATERIAL**

(a)      Designated Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public.  Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained.  If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

2. **PROCEDURE FOR DESIGNATING MATERIALS**

(a)      <u>Documents and Other Tangible Materials</u>.  The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or

other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," ATTORNEYS' EYES ONLY – SOURCE CODE" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover). To the extent practical, the legend shall be placed near the Bates number identifying the Material. If a document has more than one designation, the more restrictive or higher designation applies.

(b) <u>Non-tangible Materials</u>. All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the Receiving Party in writing.

(c) <u>Deposition Testimony and Transcripts</u>. Any Party may designate as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE and is subject to the provisions of this Protective Order. Any Party may also designate Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE by notifying the court reporter and all of the parties, in writing within ten (10) days after receipt of the final deposition transcript, of the specific pages and lines of the final transcript that should be treated thereafter as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE. The Designating party must also provide a revised copy of the transcript with a corrected designation on the face of the transcript. The Receiving party must certify in writing

within ten (10) days of the receipt of the corrected transcript that all the old transcripts without the correct designation have been destroyed.  All deposition transcripts shall be treated as ATTORNEYS' EYES ONLY for at least a period of seven (7) days after receipt of the final transcript unless otherwise designated ahead of such time period.

(d)     Non-party Designations.  Non-parties who produce Material in this action may avail themselves of the provisions of this Protective Order, and such Material produced by non-parties shall be treated by the Parties in conformance with this Protective Order.  A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

3.     INADVERTENT PRODUCTION

(a)     Inadvertent Failures to Properly Designate.  If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY – SOURCE CODE and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Protective

Order, including retrieving or destroying any copies that may have been disclosed to unqualified recipients.

(b)     <u>No Waiver of Privilege</u>.     The production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed.     Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material.     If the Receiving Party challenges the propriety of the claim of attorney-client privilege, work product immunity or other applicable privilege or immunity from discovery, the Receiving Party shall not assert as a ground for challenge the fact of the initial production or the later designation as attorney-client privilege, the work product immunity or any other designated privilege or immunity from discovery.

## 4.     MATERIAL NOT COVERED BY THIS PROTECTIVE ORDER

No Material shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY if:

(a)     it is in the public domain at the time of disclosure;

(b)     it becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c)     the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

(d)     the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party; or

(e)     the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

5.     CHALLENGES TO DESIGNATIONS

(a)     <u>Written Notice</u>.     The Designating Party shall use reasonable care when designating Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.     Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated.     If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. The challenge should be made as soon as is practicable following production.     If, after meeting and conferring, the Parties do not resolve the dispute, the Receiving Party may seek relief from the Court with the Court challenging the designation as invalid as set forth below.

(b)     <u>Meet and Confer</u>.     A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.     In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.     A challenging Party may seek relief from the Court challenging the designation only if it has engaged in this meet and confer dialogue first.     Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet and confer requirements and that sets forth with

specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

(c)    Judicial Intervention.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Until the Court rules on the challenge, all Parties shall continue to afford the Material in question the level of protection to which it entitled under the Designating Party's designation.

## 6.    INSPECTION OF MATERIALS

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be ATTORNEYS' EYES ONLY and subject to this Protective Order even though no formal designation has yet been made.  Thereafter, the Producing Party shall have a reasonable time to review and designate the inspected Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to furnishing copies (to the extent practicable) to the Receiving Party.

## 7.    ACCESS TO CONFIDENTIAL MATERIALS

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 17 below regarding use of Designated Material at depositions):

(a)    The Court and its personnel;

(b)    Outside    Counsel    for    each    Party    whose functions    require access  to CONFIDENTIAL Material;

(c)    Outside Consultants, subject to the provisions and limitations set forth in Section 14 herein;

(d)     Personnel of e-discovery management, graphics, litigation support and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed or a representative has signed Exhibit A hereto prior to any disclosure of CONFIDENTIAL Material; and/or

(e)     No more than three (3) in-house counsel of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel). No CONFIDENTIAL Material shall be disclosed to a Party employee, officer, or director until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party and must be disclosed to the Producing Party within seven (7) days after execution.

**8.      ACCESS TO ATTORNEYS' EYES ONLY MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 17 below regarding use of Designated Material at depositions):

(a)     The Court and its personnel;

(b)     Outside Counsel for each Party whose functions require access to ATTORNEYS' EYES ONLY Material;

(c)     Outside Consultants, subject to the provisions and limitations set forth in Section 14 herein; and

(d)     Personnel of e-discovery management, graphics, litigation support and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection

with this litigation who have signed or a representative has signed Exhibit A hereto prior to any disclosure of ATTORNEYS' EYES ONLY Material.

9. **ADDITIONAL RESTRICTIONS ON ACCESS TO CODE**

Access to source code shall be provided under the ATTORNEYS' EYES ONLY designation only, shall bear a label of "ATTORNEYS' EYES ONLY – SOURCE CODE" when printed, and shall be subject to the Prosecution Bar of Section 10 and to the following additional restrictions:

(a)     The "ATTORNEYS' EYES ONLY – SOURCE CODE" designation is reserved for information that contains or substantively relates to a Producing Party's "source code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code.  Materials bearing this designation may include human-readable programming language text that defines software, firmware, or electronic hardware descriptions, and source code files, which are text files containing source code.  These include, but are not limited to, files containing source code written in "Java," "C," "C++," "assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages, as well as ".include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  To the extent binary executable files and object code files are produced, they shall be afforded the same protection as "ATTORNEYS' EYES ONLY – SOURCE CODE."  Nothing in this Protective Order shall obligate the parties to produce any source code, nor act as any admission that any particular source code is relevant or discoverable in this action.

(b)     Such code shall be provided on a stand-alone computer (i.e., not connected to a network or the Internet) in a secure room at the offices of the Producing Party's counsel, a single,

third-party site located within any judicial district in which the source code is stored in the ordinary course of business (e.g., an escrow company), or at another mutually agreeable location. The stand-alone computer shall be made available during regular business hours (between 9:00 a.m. and 6 p.m.) local time, Monday through Friday (excluding holidays), upon reasonable request, which shall not be less than three (3) business days in advance of the requested inspection. Other days and/or times, including weekends, may be requested, but are subject to the Producing Party's approval.

(c)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the secure room to view the source code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.

(d)     A single electronic copy of source code shall be made available for inspection on a stand-alone computer. The stand-alone computer shall be password protected and supplied by the source code provider. [*Plaintiff's proposal*: To facilitate the taking of notes during the review of Source Code, persons admitted into the room containing Source Code shall be entitled to take a personal laptop computer that is not connected to any wired or wireless network; however, use or possession of any input/output device (e.g., USB flash drive or memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, or any devices that can access the Internet or any other network or external system, etc.) separate from the laptop is prohibited while accessing the computer containing the source code.] [*Defendants' proposal*: Use or possession of any input/output device (e.g., USB flash drive or memory stick, cameras or

any camera-enabled device, CDs, floppy disk, portable hard drive, laptop or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code.] All persons entering the secure, locked room containing the source code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.

(e)     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. In addition, no mobile phones of any kind are allowed in the source code inspection room. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(f)     The stand-alone computer shall be free of any software or other means of tracking which files or file portions are reviewed by counsel or experts. The Producing Party is entitled to visually monitor the Receiving Party's activities in the Source Code viewing room from outside such room, through a glass wall or window, so long as the Producing Party cannot hear the Receiving Party's discussions or see the contents of the Receiving Party's notes or the display of the stand-alone source code computer. .

(g)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

14

(h)     At least five (5) business days prior to the first inspection, the Receiving Party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching source code be installed on the secured computer.  The Receiving Party must provide the Producing Party with the CD or DVD or link containing such software tool(s) at least five (5) business days in advance of the inspection.  Any license fee for use of the software tool shall be the Receiving Party's responsibility and if any license fees are required, the Receiving Party must purchase the license prior to providing the CD, DVD or link.  The Producing Party has two (2) business days to object to use of the requested software tool(s).  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution within two (2) business days of the completion of the meet and confer process. The Receiving Party shall file its response within two (2) business days.

(i)     The Producing Party may not configure its source code or the stand-alone computer in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.) of the code.

(j)     All source code produced shall be made available by the Producing Party in the manner it is kept in the ordinary course of business or in a comparable directory structure, in an uncompressed and obfuscated human-readable form, preserving its native file type and directory structure.

(k)     The Producing Party shall allow printing of paper copies of source code at the time of inspection by the Receiving Party.  The Producing Party shall make available a laser printer having commercially reasonable printing speeds for on-site printing during inspection and

a reasonable amount of paper for use with the printer. The Receiving Party shall only print those limited portions of the code specifically necessary to a specific case preparation activity. To the extent reasonably practicable, the Receiving Party shall include on each printed page an identification of the file name, file path, and any other identifying information necessary to identify each portion of code printed. The printed pages shall be Bates numbered and marked with the appropriate confidentiality designation (i.e. by having the paper in the printer already appropriately marked at the time of printing).

(l)     The Receiving Party will not otherwise copy, remove, or otherwise transfer any source code from the stand-alone computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Party will not transmit any source code in any way from the location of the source code inspection. The Receiving Party may inspect the source code as many times or days as reasonably necessary for preparation of its case until the hearing date on any dispositive motions or the close of expert discovery, whichever is later. For good cause, the Receiving Party can inspect the source code after the later of the hearing date on any dispositive motions or the close of expert discovery, up to and including trial. If the Producing Party contends that good cause does not exist and objects to such inspection, Lead and Local Counsel for the Parties to the dispute shall meet and confer within twenty-four (24) hours of the request to inspect and attempt to resolve the dispute. If, after meeting and conferring, the Parties do not resolve the dispute, the Receiving Party may seek relief from the Court.

(m)     The Producing Party must provide within five (5) days (i) paper copies of the pages of source code printed by the Receiving Party during the inspection or (ii) paper copies of the pages of source code requested by Receiving Party during the inspection that were not

printed during the source code inspection. The Producing Party may hand deliver the paper copies of the pages of code or send it to the Receiving Party via next-day carrier delivery. In no event may the Receiving Party print or request a continuous block of source code that results in more than 10 printed pages, [***Plaintiff's proposal***: or an aggregate total of more than 1000 printed pages] [***Defendants' proposal***: or an aggregate total of more than 250 printed pages] without prior written approval by the Producing Party, such approval not to be unreasonably withheld, or permission from the Court. The Receiving Party shall not print or request paper copies of source code to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing the source code electronically on the stand-alone computer supplied by the Producing Party. The Producing Party will provide the paper copies on colored paper and include Bates numbers and "ATTORNEYS' EYES ONLY – SOURCE CODE" labels when printed. The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. No additional copies of such code may be made except as provided in Sections 9(n), 9(o), 9(q) and 9(r).

(n) Any paper copies designated "ATTORNEYS' EYES ONLY – SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of Outside Consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of the person responsible for maintaining the security and confidentiality of the designated materials. The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other

Court document, or any drafts of these documents. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(o)     Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the source code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. The Receiving Party's Outside Counsel shall maintain a log of all electronic images and paper copies of source code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the source code. Additionally, all electronic copies must be labeled "ATTORNEYS' EYES ONLY – SOURCE CODE." To the extent portions of source code are quoted in a document, either (1) the entire document will be stamped and treated as "ATTORNEYS' EYES ONLY – SOURCE CODE" or (2) those pages containing quoted source code will be separately bound, and stamped and treated as "ATTORNEYS' EYES ONLY – SOURCE CODE."

(p)     Only the following individuals shall have access to "ATTORNEYS' EYES ONLY

– SOURCE CODE" materials, absent the express written consent of the Producing Party or further Court order:

i. Outside Counsel of record for the parties to this action;

ii. Up to three (3) Outside Consultants (who are technical consultants) and their necessary support personnel per party pre-approved in accordance with the provisions set forth herein, and specifically identified as eligible to access source code;

iii. The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the source code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv. While testifying at deposition in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the source code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view source code pursuant to this subparagraph shall not retain or be given copies of the source code except while so testifying.

(q)     A Receiving Party may not make additional copies of printed code sections for internal use, except a Receiving Party may make additional copies for the limited purpose of use at depositions.  The Receiving Party agrees to use reasonable efforts to limit the number of copies made of source code.  At the conclusion of the deposition, the Receiving Party will collect and destroy each copy of the code, and retain the original of any such exhibit.

(r)     Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the Producing Party as "ATTORNEYS' EYES ONLY – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts (including transient electronic copies) as necessary to use as exhibits to deposition, or to file, draft, and serve expert reports or court filings.  The receiving party may create an electronic image of a limited excerpt of the "ATTORNEYS' EYES ONLY – SOURCE CODE" only when the electronic files containing such an image has been encrypted using commercially reasonable encryption software including password protection and the password sent under separate cover.

## 10.    PROSECUTION BAR

Any Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY (as well as all source code produced pursuant to Section 9 above) is subject to a PROSECUTION BAR. Any person who accesses any such Material from the opposing Party shall not be Involved In The Prosecution Of Patents Or Patent Applications having any claims directed to systems or methods relating to [*Plaintiff's proposal*: local processing of payments for remotely purchased goods]  [*Defendants' proposal*:  processing of orders for goods purchased on the internet and processing payment for those orders], from the time of receipt of such Material through and including two (2) years following the entry of a final, non-appealable judgment or order or the

complete settlement of all claims against all Parties in this action.  Notwithstanding anything to the contrary herein, the PROSECUTION BAR shall not (1) prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) or (2) prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client [***Plaintiff's* proposal**:   , or (3) prevent any attorney from participating in any aspect of a post grant proceeding other than (a) amending the claims (e.g., claim construction and/or prior art analysis in connection with claim amendment) or (b) communicating with post grant proceeding review counsel about any CONFIDENTIAL or ATTORNEYS' EYES ONLY Material in connection with claim amendment.]

## 11.    ACCESS BY PROFESSIONAL VENDORS

Subject to the requirements set forth in this Protective Order, Designated Material and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to Professional Vendors as defined in Definition K, except with respect to mock jurors who will not have access to source code.  Before disclosing any Designated Material to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A.  Such written agreement shall be retained by Outside Counsel for the Receiving Party, but need not be disclosed to the Producing Party until the conclusion of the case.

## 12.    TRANSMITTAL OF DESIGNATED MATERIALS

No Designated Materials shall be transmitted or transported outside of the United States, or communicated to any recipient under this Protective Order who is located outside of the United States, for any purpose without the express written permission of the Producing Party. The viewing of Designated Materials through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding these prohibitions, Designated Materials, except for material designated ATTORNEY'S EYES ONLY – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States (i) if it is reasonably necessary for a deposition taken in a foreign country or (ii) by a party's attorney, but not by expert consultants or witnesses, if such transport is necessary to continue working on the case while that attorney is abroad. Each Defendant will make its employees and, to the extent possible, Defendant-contracted third parties available for deposition in the United States. If a Defendant is unable to make a Defendant-contracted third party that works with Defendant's source code available in the U.S. for a deposition, notwithstanding anything to the contrary herein, three hard copies of Defendant's source code may be taken out of the country by an Inventor Holdings Outside Counsel for use both in preparing for, and as exhibits to that foreign deposition. Under no other circumstances may materials designated ATTORNEY'S EYES ONLY – SOURCE CODE be transmitted, transported or viewed outside of the United States. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform to applicable export control laws and regulations. Nothing in this Protective Order shall prohibit the transmission or communication of source code between or among qualified recipients: (a) by hand delivery; (b) in sealed envelopes or containers via certified mail or an established secure overnight, freight, delivery, or messenger service; or (c) subject to Sections 9(f) and 13, by

telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## 13. ELECTRONIC ACCESSIBILITY

The Receiving Party shall ensure that Materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY are not transmitted via electronic mail, except that CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials may, when otherwise in compliance with Sections 7 through 11 of this Protective Order, be transmitted: (a) among and between the Outside Counsel and In-House Litigation Counsel/Manager for any single Party via the private e-mail networks maintained by that Party's Outside Counsel or In-House Litigation Counsel/Manager (public networks and servers such as e-mail systems provided by Google, Yahoo, or by an Internet provider such as Comcast, may not be used, however e-mails between co-counsel for a Party are considered private even if the transmission path includes the Internet, as long as the e-mail servers are controlled by the respective firms); or (b) may be transmitted among and between the Outside Counsel of Parties to this action, or between a Party's Outside Counsel and that Party's Outside Consultant, when in an encrypted format (i.e., password protected .zip file) provided that the applicable encryption keys or passwords are not transmitted via electronic mail. Online collaboration tools (e.g., WebEx) may be used subject to the provisions of Sections 7-11, so long as access to such tools is password protected and shared Materials are stored only in non-persistent storage for remote users. Notwithstanding the foregoing, nothing in this paragraph shall allow the electronic transmission of source code designated as ATTORNEY'S EYES ONLY – SOURCE CODE, except where such source code

is an excerpt included in, or attached as an exhibit to, a brief or other submission filed with the Court.

14.      DISCLOSURE TO OUTSIDE CONSULTANTS

(a)      Confidentiality Agreement.  An Outside Consultant's access to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Outside Consultant execute the Confidentiality Agreement attached hereto as Exhibit A.   The original Confidentiality Agreement shall be retained by Outside Counsel for the Party that retained the Outside Consultant, and a copy shall be provided to the Producing Party.

(b)      Written Notice.  Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the Outside Consultant:

(1)      current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(2)      business address and title;

(3)      nature of business or profession;

(4)      any previous or current relationship (personal or professional) with any of the Parties;

(5)      a listing of other actions (including case name, case number, party represented, and court/agency) in which the individual has testified (at trial, deposition or in a hearing) in the last four (4) years;

(6)      the individual's current employer;

(7)     all companies for which the individual has consulted or been employed by, within the past four (4) years, the nature of such consultation or employment, and the years of such consulting or employment; and

(8)     all publications authored in the previous ten (10) years.

(9)     whether the individual is Involved In The Prosecution Of Patents Or Patent Applications or anticipates being Involved In The Prosecution Of Patents Or Patent Applications relating to systems or methods relating to electronic mapping function/services.

(c)     Objection.  A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Designated Material to the identified Outside Consultant unless, within five (5) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, e-mail, or facsimile transmission), the Producing Party objects in writing.

(d)     Judicial Intervention.  If an objection is made, the Parties shall meet and confer within two (2) business days of the written objection to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may, within five (5) Court days of the written notice, move the Court for an order that access to the CONFIDENTIAL or ATTORNEYS' EYES ONLY Material be denied to the designated individual, or other appropriate relief.  During that time and unless and until the Court determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any Outside Consultant to whom an objection has been made.  However, if the objecting Party does not move within that five (5) Court day time period following the written notice, it waives its right to object and the Receiving Party may disclose the Designated Materials to the Outside Consultant.

**15.     EXCEPTIONS TO LIMITATIONS ON DISCLOSURE**

Nothing herein shall prevent disclosure of Designated Material: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by the Receiving Party to an officer or employee of the Producing Party; (c) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who has independently received the Designated Material other than through a means constituting a breach of this Protective Order; or (d) to any person who is reasonably identified as previously having had access to, or the right to have access to, the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting breach of this Protective Order.

16.    **FILING UNDER SEAL**

All transcripts, exhibits, discovery responses, pleadings, briefs, and other Material submitted to the Court that contain or disclose Designated Material shall be filed in a sealed envelope or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER," and a statement substantially in the following form:

"This envelope contains confidential information filed in this case by (name of Party) and is not to be opened nor the contents thereof displayed or revealed except by order of the Court presiding over this matter." In addition, the first page of any Material filed under seal shall include the conspicuous legend: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." If any person fails to file protected Material under seal, the Producing

Party or any Party claiming confidentiality for the Material may request that the Court place the filing under seal.

**17.**    **USE AT DEPOSITIONS**

(a)    Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning Designated Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(1)    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the director, officer, and/or employee of the Producing Party designated has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (b) the director, officer, and/or employee is identified in the Designated Material as an author, addressee, or recipient of such information; or (c) the director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material or its subject matter.  Nothing in the foregoing shall preclude or otherwise limit the Producing Party's ability to object to (i) the  use  of  the  document  during questioning  or  (ii)  the  admissibility  of  any  such testimony.

(2)    A former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the former director, officer, and/or employee has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (b) the former director, officer, and/or employee is identified in the Designated Material as an author, addressee, or recipient of such information; or (c) the former director, officer, and/or employee,

although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material or has personal knowledge about a later version or revision of such Designated Material. Nothing in the foregoing shall preclude or otherwise limit the Producing Party's ability to object to (i) the use of the document during questioning or (ii) the admissibility of any such testimony.

(3)     The witness, although not identified as an author, addressee, or recipient of such Designated Material, has personal knowledge of the content of the Designated Material and was or is associated with the Producing Party.

(4)     Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive Designated Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Protective Order to receive Designated Material, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. If such attorney declines to sign such a Confidentiality Agreement before the examination, the Parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

(b)     In addition to the restrictions set forth in this Protective Order, the following shall apply to Designated Material used at a deposition:

(1)     A witness who previously had access to Designated Material, but who is not bound by a nondisclosure agreement with the Producing Party that applies to the Designated Material, may be shown the Designated Material if a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and the witness is advised on the deposition record of the existence of the Protective Order and agrees to its requirements to keep confidential any questions, testimony, or documents shown during the deposition that in any way relate to or constitute Designated Material.

(2)     Except in the case of an Outside Consultant serving as an expert witness and bound by the terms of the Protective Order or a witness from a Producing Party that is otherwise authorized to see Designated Material from his/her own Producing Party, witnesses may not retain copies of any Designated Material used or reviewed at a deposition, and may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The Producing Party of any Designated Material used at a deposition may also require that the transcript and exhibits not be copied by a third-party witness or his or her counsel and that the transcript and exhibits  may only be reviewed  by the  third-party witness  in  the offices  of  Outside Counsel representing a Party in this action (or another firm acting for Outside Counsel representing a Party in this action under the supervision of one of the attorneys bound by the terms of this Protective Order).

## 18.     TESTIFYING EXPERTS

(a)     Testifying experts shall not be subject to discovery on any draft of his or her report in this case. Such draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(c)     All other materials provided to a testifying expert that the expert considered in forming the opinions expressed in the expert's report shall be subject to discovery, regardless of whether or not the testifying expert actually relied upon the material in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case.

19.     **STIPULATIONS OR ADDITIONAL RELIEF FROM THE COURT**

The Parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

20.     **RETURN OF DESIGNATED MATERIAL**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after a final, non-appealable judgment or order, or the complete settlement of all claims

asserted against all Parties in this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this section "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material. The Receiving Party's obligation to destroy or return Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order. Notwithstanding this section, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over- written in the normal course of business. Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and that affirms that neither the Receiving Party nor others to which the Receiving Party disclosed Designated Material has retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material). Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product. Any such archival copies remain subject to this Protective Order as set forth in Section 21.

## 21. INJUNCTIVE RELIEF

The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

22.    **SURVIVAL OF ORDER**

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The Parties agree that any order of dismissal of this action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

23.    **TREATMENT PRIOR TO ENTRY OF ORDER**

Each Party agrees to be bound by the terms of this Protective Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

24.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or e-mail) promptly and in no event more than ten (10) days after receiving the subpoena or

order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this [Stipulated] Protective Order and to afford the Producing or Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

 STIPULATED TO BY THE PARTIES:

| | |
|---|---|
| */s/* | */s/* |
| Stamatios Stamoulis (#4606) | Richard L. Horwitz (#2246) |
| Richard C. Weinblatt (#5080) | David E. Moore (#3983) |
| STAMOULIS & WEINBLATT LLC | Bindu A. Palapura (#5370) |
| Two Fox Point Centre | POTTER ANDERSON & CORROON LLP |
| 6 Denny Road, Suite 307 | Hercules Plaza, 6th Floor |
| Wilmington, DE  19809 | 1313 N. Market Street |
| Tel: (302) 999-1540 | Wilmington, DE 19801 |
| Fax: (302) 762-1688 | Tel: (302) 984-6000 |
| Email: stamoulis@swdelaw.com | Fax: (302) 658-1192 |
| weinblatt@swdelaw.com | Email: rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| *Attorneys for Plaintiff* | bpalapura@potteranderson.com |
| *Inventor Holdings, LLC* | |
| | *Attorneys for Defendants* |
| | *Wal-Mart Stores, Inc., PayNearMe, Inc.,* |
| | *7-Eleven, Inc. and Amazon.com, Inc.* |

/s/
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: kpascale@ycst.com

(*pro hac vice*)
John G. Bisbikis
Brett E. Bachtell
Zachary L. Getzelman
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Tel: (312) 372-2000
Fax: (312) 984-7700
Email: jbisbikis@mwe.com
        bbachtell@mwe.com
        zgetzelman@mwe.com

*Attorneys for Defendant*
*Kmart Corporation*

/s/
Susan M. Coletti (#4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Tel: (302) 652-5070
Fax: (302) 652-0607
Email: coletti@fr.com

(*pro hac vice*)
Neil J. McNabnay (Texas Bar # 24002583)
David B. Conrad (Texas Bar # 24049042)
Ricardo J. Bonilla (Texas Bar # 24082704)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
Email: mcnabnay@fr.com
        conrad@fr.com
        rbonilla@fr.com

*Attorneys for Defendant*
*Bed Bath & Beyond Inc.*


SO ORDERED, this _____ day of _____, 2014

_____
Hon. Gregory M. Sleet
United States District Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

_____ declares that:

I reside at _____, in the City of _____, County of _____, State of _____.

I am currently employed by _____, located at _____, and my current job title is _____. I have read and believe I understand the terms of the Stipulated Protective Order filed in Civil Action No. 1:14-cv-96-GMS, pending in the United States District Court for the District of Delaware. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

I agree to abide by the terms set forth as follows:

I shall not divulge any materials, or copies of materials, designated "CONFIDENTIAL," "ATTORNEYS EYES ONLY," or "ATTORNEYS EYES ONLY – SOURCE CODE" obtained in accordance with the Stipulated Protective Order, or the contents of such materials, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such materials except for the purposes of this litigation and in accordance with the terms of the Stipulated Protective Order.

1

As soon as is practical, but no later than thirty (30) days after final termination of this litigation, I shall return any materials in my possession designated "CONFIDENTIAL," "ATTORNEYS EYES ONLY," or "ATTORNEYS EYES ONLY – SOURCE CODE" to the attorney from whom I received such materials. I shall also return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

If I review any information designated as "CONFIDENTIAL" "ATTORNEYS EYES ONLY" or "ATTORNEYS EYES ONLY – SOURCE CODE" then I agree not to be Involved In The Prosecution Of Patents Or Patent Applications relating to systems or methods relating to mapping functions until two (2) years after the final disposition of this case, including all appeals.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
                          Date                                              Signature