## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVENTOR HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-96 GMS |
| | : | |
| v. | : | |
| WAL-MART STORES, INC. | : | |
| | : | |
| Defendant, | : | |
| INVENTOR HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-98 GMS |
| | : | |
| v. | : | |
| | : | |
| PAYNEARME, INC., ET AL | : | |
| | : | |
| Defendants, | : | |
| INVENTOR HOLDINGS, LLC. | : | |
| | : | Civil Action No. 14-185 GMS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KMART CORPORATION | : | |
| | : | |
| Defendant, | : | |
| INVENTOR HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-448 GMS |
| | : | |
| v. | : | |
| | : | |
| BED BATH & BEYOND INC. | : | |
| | : | |
| Defendant. | : | |

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated June 8, 2011, the Court revised the scope and administration of the Special Master Panel for complex cases; and

WHEREAS, consistent with the goals and needs expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned cases;

NOW THEREFORE, this ___9TH___ day of July, 2014, it is HEREBY ORDERED that:

1. **Scope of duties.** Josh Martin, Esquire, is appointed as Special Master to manage a discovery dispute.

2. **Discovery.** As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, Mr. Martin shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings and take all measures necessary to address issues relating to the parties' discovery disputes and rule on same.

3. **Discovery disputes.** Mr. Martin shall, after consulting with the parties, establish procedures for the handling of discovery disputes. He shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of issues relating to discovery and to issue orders requiring the parties to adhere to case management dates set by the Court. He shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

   a. With respect to discovery motions,[1] all such motions (but **not** the related briefing and appendices, if any) shall be filed with the Court through Mr. Martin and docketed by chambers

---

[1] Only the formal motion itself must be docketed with the Court through Mr. Martin. All other discovery materials should be lodged only with Mr. Martin, consistent with ¶ 6 *infra.*

staff.

 b. With respect to hearings and conferences, they shall be held in this District's Courthouse or other appropriate place arranged by Mr. Martin, or by the parties, with the approval of Mr. Martin. If the Courthouse is used, Mr. Martin shall arrange for a courtroom through the Clerk's Office (Beth Mason at 302.573.6170).

 c. Absent agreement among the parties, all hearings shall be transcribed by a certified court reporter. Mr. Martin may arrange for a court reporter through Kevin Maurer (302.573.6196), who shall be given one week's notice of any scheduled hearings absent emergency circumstances. Absent an order by Mr. Martin, the parties shall bear equally the costs of the court reporter and transcript.

 d. Mr. Martin shall preserve all materials he receives or prepares in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that the following shall be filed: (1) any transcripts that contain his rulings from the bench; (2) orders entered setting forth his rulings; and (3) any opinions prepared supporting his rulings. All such papers shall be filed with the Court through Mr. Martin and docketed by chambers staff.

4. **Ex parte communications.** Mr. Martin shall not communicate ex parte with a party without the consent of all parties. He may communicate ex parte with the Court.

5. **Confidential information.** Mr. Martin may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. Mr. Martin and other persons assisting him shall preserve and protect the confidentiality of all such information and, if required to file any orders,

3

findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Sensitive Superconfidential"), he shall file the same under seal.

6. **Appeals.** Mr. Martin's rulings shall be subject to review by the Court, consistent with Rule 53(f). In this regard, unless otherwise ordered: (a) the **parties may serve, file and docket** with the Court specific written objections (and responses thereto) to any of Mr. Martin's rulings;[2] (b) the objections shall be filed no later than 21 days after being served with a copy of the ruling, and the responses thereto shall be filed within ten (10) days after being served with a copy of the objections; (c) the objections and responses to the objections are limited to ten (10) pages each; and (d) the **parties must serve, file and docket** with the Court (as well as provide to the Judge to whom the case is assigned a courtesy copy of) any relevant portion of the record made before Mr. Martin which pertains specifically to the objections.[3]

7. **Compensation.** Mr. Martin shall be compensated for his services at his usual hourly rate. Others assisting him shall be compensated at their usual hourly rates. Mr. Martin shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of Mr. Martin shall, unless otherwise ordered, be shared equally by the parties. In this regard, if (in Martin's opinion) a party engages in behavior which occasions the waste of his time and resources, or otherwise hinders the efficient resolution of matters before him, that party may be apportioned all or a larger portion of Mr. Martin's compensation, costs, and expenses. Any objections

---

[2]Counsel shall docket using the "objections" and "response to objections" docket events.

[3]Counsel shall docket separately as an appendix using the "appendix" docket event.

4

or disputes as to Mr. Martin's compensation, costs, and/or expenses shall be presented to the Court in a timely application.

                                                                                     _____
                                                                               UNITED STATES DISTRICT JUDGE